IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Harry William Lott, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0562 |
| v. | : | Judge Marbley |
| The District Court of the Southern District of Ohio , | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |
| | : | |

# Initial Screening Report and Recommendation

Plaintiff Harry William Lott brings this civil rights action alleging he was denied due process of law during the judicial proceedings in *Harry William Lott v. Havar, Inc., et al.* 2:12 -cv-0608 (S.D. Ohio Judgment Entered June 7, 2013).

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief and, therefore, recommends dismissal of the complaint.

The complaint alleges that the trial judge erred when he granted defendants' motion for summary judgment in *Harry William Lott v. Havar, Inc., et al.* 2:12 -cv-0608 (S.D. Ohio Order filed June 7, 2013).

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed.  *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis.  The complaint here does not allege a claim arising under either the constitution or laws of the United States. When a party disagrees with a judge's ruling, his remedy is to file an appeal. Although Lott has filed a notice of appeal, his request to proceed on appeal without prepayment of fees and costs was not supported by a full statement of his financial condition, a statement that he is entitled to redress on appeal, and a statement of the issues on appeal as required by Rule 24(a)(1), Fed. R. App. P. See, Judge Frost's July 17, 2013 Order denying Lott's motion to proceed on appeal *in forma pauperis.* Lott did not attempt to remedy his request  to proceed on appeal without

2

prepayment of fees and costs by providing the information required by Rule 24(a)(1), Fed. R. App. P.

Further, even if the complaint did state a claim for relief, judges are absolutely immune from suit for money damages based on their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge
